**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **HQ PROPERTY HOLDINGS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v** | § | **Civil Action No. 6:24-CV-392-ADA-JCM** |
| | § | |
| **CENTURY SURETY COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

---

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

---

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**ANSWER:** Plaintiff, HQ Property Holdings, LLC ("HQ" or "Plaintiff"), has brought the following causes of action against Defendant, Century Surety Company ("Century" or "Defendant") (Plaintiff and Defendant collectively the "Parties"):

1) Declaratory Judgment declaring the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things.
2) Breach of Contract
3) Violations of the Texas Insurance Code
    a. Tex. Ins. Code §542, Subchapter B
    b. Tex. Ins. Code §541.060(a)(2)(A)
    c. Tex. Ins. Code §541.060(a)(7)
    d. Tex. Ins. Code §541.152
    e. Tex. Ins. Code §542.051

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

   a. Do the parties agree that the amount in controversy exceeds $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

      **ANSWER:** The Parties agree the amount in controversy exceeds $75,000 at the time of removal.

   b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

      **ANSWER:** The Parties are both corporations. Plaintiff is a limited liability company. Plaintiff has two members, Huan Tran and Pham Quynh, who are citizens and residents of Texas. Therefore, HQ is considered a citizen of Texas for diversity. Defendant is a corporation incorporated in the State of Ohio, with its principal place of business in Michigan.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   **ANSWER:** All parties have been served.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   **ANSWER:** None

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

   **ANSWER**: None

6. Are there any issues about preservation of discoverable information?

   **ANSWER:** None

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

**ANSWER:** The Parties will produce documents in .pdf format and any pictures or video in a viewable form. Should any issues arise as to specific discovery items the parties will address at that time.

8. What are the subjects on which discovery may be needed?

**ANSWER:** As of this filing the Parties believe discovery will be needed on the extent and cause of the damage to Plaintiff's property, coverage, the claim investigation process, communications between the Parties related to Plaintiff's claim, any repairs to Plaintiff's property and repair costs, if any, factual issues and experts.

9. Have initial disclosures been made? If not should any changes be made in the timing, form, or requirement for initial disclosures?

**ANSWER:** The Parties have made their initial disclosures.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

**ANSWER:** The Parties have not completed any discovery as of this filing. Discovery is expected to be conducted by written discovery, deposition, and if necessary physical inspection of the property. Discovery does not need to be conducted in phases or limited beyond the limitations provided in the Federal Rules

of Civil Procedure. The parties anticipate that discovery can be completed by the deadline in the Scheduling Order.

11. What, if any, discovery disputes exist?

**ANSWER:** As of this filing discovery has not started, therefore, no discovery disputes exist.

12. Have the parties discussed desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**ANSWER:** The Parties do not believe an order is necessary at this time. Should the issue arise at a later date the parties will address the issue at that time and make any necessary requests from the Court.

13. Have the parties discussed early mediation?

**ANSWER:** The Parties have discussed a desire to mediate after initial rounds of discovery are complete and will revisit the scheduling of such mediation at a later date.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

**ANSWER:** The Parties do not believe an order is necessary at this time. Should the issue arise at a later date the Parties will address the issue at that time and make any necessary requests from the Court.

Respectfully submitted,


/s/ *Eric C. Botello* p.p.
MATTHEW R. PEARSON
Texas State Bar No. 00788173
mpearson@pearsonlegalpc.com
ERIC C. BOTELLO
Texas State Bar No. 24106853
ebotello@pearsonlegalpc.com

PEARSON LEGAL, PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Telecopy: (210) 229-9277

**ATTORNEYS FOR PLAINTIFF,**
**HQ PROPERTY HOLDINGS, LLC**

/s/ *Reagan F. Ewing*
ROBERT J. WITMEYER
Texas State Bar No. 24091174
rwitmeyer@mayerllp.com
SUMMER L. FREDERICK
Texas State Bar No. 24067764
sfrederick@mayerllp.com
REAGAN F. EWING
Texas State Bar No. 24101162
rewing@mayerllp.com

MAYER LLP
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopy: (214) 379-6939

**ATTORNEYS FOR DEFENDANT,**
**CENTURY SURETY COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's ECF on September 23, 2024.

*/s/Reagan F. Ewing*
**REAGAN F. EWING**